## HENRY v. GOLIGER et al.

United States District Court
S. D. New York.
Sept. 7, 1950.

Allen Murray Myers, New York City, for plaintiff.

Alexander H. Rockmore, New York City, for defendants, Goliger Leather Co., Rudd Plastic Fabrics Corp.

Schaeffer, Goldstein & Esbitt, New York City, for defendant M. Howard Wolferman.

Siegel & Brownstein, New York City, for defendant J. Hockhauser Leather Co., Inc.

Samuel Newfield, New York City, for defendants, Gertrude Rubin, Lilly Munzer, Daniel Rubin.

Milton H. Goldstricker, New York City, for defendant, Metro Novelty Mfg. Co., Inc.

George Thoms, New York City, for defendant, Fleming-Joffe, Limited.

NOONAN, District Judge.

This is a motion by two of fourteen defendants for an order dismissing the complaint for improper joinder of parties and causes of action, or in the alternative for a separate trial.

The action is by a trustee in bankruptcy against fourteen defendants to recover alleged preferential payments which each of the defendants is alleged to have received within the four month period prior to the filing of the petition in bankruptcy.

There is a separate cause of action alleged against each of the defendants, and no one of the defendants is joined with any other defendant in any of the causes of action set forth in the complaint.

Joinder of claims, where there are multiple parties, is subject to the rules on joinder of parties. Moore's Federal Prac-

386

tice, 2d Ed., p. 1810. Rule 20(a), Fed.Rules Civ.Proc. 28 U.S.C.A., permits joinder of parties defendant when two requirements are met: (1) where the claim or claims arise out of the same transaction or series of transactions; (2) if any question of law or fact common to all of them will arise in the action.

■ Here the alleged preferential payments were received during the period of January to April, 1948. I am of the opinion that, considering the nature of, and the facts surrounding, the causes of action, together with their chronological proximity, and in certain instances chronological identity, it may be concluded that the claims arose out of the same series of transactions. Further there is a common question, namely, whether the bankrupt was insolvent at the time of the alleged preferences. The movants argue that this is not a common question of law or fact because the dates of the alleged preferences vary. This contention must be considered in the light of commercial actuality, for insolvency (in the Bankruptcy Act) is not a daily variable and in this instance will undoubtedly be a common question.

There remains an additional consideration, i. e., would the furtherance of convenience and the avoidance of prejudice require that the movants be afforded a separate trial. Rule 42(b), F.R.C.P.

Obviously, delay will be avoided and the convenience of all will be served by trying the claims in the one trial. The court can well understand the desire of the movants for separate trials, but does not agree that they would be substantially prejudiced if that is denied them.

■ The application of the movants that the preceedings before the Referee in Bankruptcy under 57, sub. g of the Act, 11 U.S.C.A. § 93, sub. g, be stayed pending the final determination of this action is without merit. There is no conflict of remedies, and both this action and that proceeding are separate and distinct.

Therefore, the motion is denied in all respects.